UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| IVO GEIJSEN,<br><br>                Plaintiff,<br><br>  v.<br><br>DANTE ODONI, RANIM BARGHOUTY and COLDWELL BANKER RESIDENTIAL REAL ESTATE LLC, a California limited liability company,<br><br>                Defendants. | No. 20-cv-02837 |

**PLAINTIFF'S ANSWERS TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

NOW COMES Plaintiff Ivo Geijsen, by and through his attorney, Scott M. Levin, and for his answers to Defendants' Statement of Undisputed Facts, states as follows:

1. In July 2019, in response to an advertisement offering to lease a unit in Trump Tower for $12,000 per month, the Defendant's went to see the unit owned by the plaintiff with the intention to rent the property (Decl od Dante Odoni ¶1)

    **ANSWER:** Admitted that Defendants went to see the unit owned by Plaintiff in July 2019. Plaintiff has no knowledge regarding the remaining facts and cannot say if they are undisputed. In any event, these facts are not relevant to the motion for summary judgment.

2. Banker Real Estate was the listing broker employed by the Seller to sell the subject property. (Decl of Dante Odoni ¶ 2)

    **ANSWER:** Admitted that Coldwell Banker Real Estate was the listing broker.

3. Caldwell Banker Real Estate through its agent Chezi Rafaeli acted as a duel agent for the seller and the buyer in the transaction. (Decl of Dante Odoni ¶3)

    **ANSWER:** Admitted.

4. The Defendant informed the plaintiff through its real estate agent Chezi Rafaeli that the plaintiff intended to obtain a loan for the purchase of the subject property. (Decl or Dante Odoni ¶ 7)

**ANSWER:** Denied. Plaintiff affirmatively states that under the Real Estate License Act of 2000, "[i]n the case of dual agency, each client and the licensee possess only actual knowledge and information. There shall be no imputation of knowledge or information among or between clients, brokers, or their affiliated licensees." 225 ILCS 454/15-45.

5. The plaintiff's real estate agent Chezi Rafaeli provided the defendant with suggested lenders why the defendant should apply for a mortgage. (Decl of Dante Odoni ¶ 5)

   **ANSWER:** Plaintiff has no knowledge regarding this fact.

6. The plaintiff's real estate agent Chezi Rafaeli hired and agreed to pay attorney Dean Lurie to act as attorney in connection with the contract. (Decl of Dante Odoni ¶6)

   **ANSWER:** Plaintiff has no knowledge regarding this fact.

7. The plaintiff was aware that the defendant intended to obtain a mortgage to purchase the subject property. (Decl or Dante Odoni ¶7)

   **ANSWER:** Denied[1]. Attached is a letter dated July 15, 2019, from Dean J. Lurie (Defendants' attorney) to Judy DeAngelis (Plaintiff's attorney) stating in Paragraph 1 "Since this will be a true cash deal, ..." Defendants' intention to obtain a mortgage, even if true and known to Plaintiff, is irrelevant to the motion for summary judgment.

8. The parties agreed that the defendant may obtain a mortgage, and the contract General Provisions C provides in part "that a delay by the Buyer's mortgagee in recording mortgage and bringing down title shall not be a default of this Contract". (Contract attached to the complaint as Exhibit A)

   **ANSWER:** Denied that the parties agreed the defendant may obtain a mortgage; there was no agreement on the point. Moreover, the parties specifically agreed that Defendants' purchase would be a cash deal. Admitted that the form language of General Provision C of the Contract contains the statement "that a delay by the Buyer's mortgagee in recording mortgage and bringing down title shall not be a default of this Contract".

---

[1] Plaintiff erroneously stated in his Statement of Undisputed Fact (No. 11) that he knew Defendants intended to apply for a mortgage, but has now realized this misstatement.

9. The contract including General Provision paragraph C which provides that "At least 5 days prior to the closing date, Seller shall deliver to Buyer or his agent evidence of merchantable title. (See contract attached to complaint as Exhibit A)

   **ANSWER:** Admitted.

10. The Seller to this date has not provided the defendants with a title commitment or any evidence of merchantable title. (See Decl of Dante Odoni.¶15)

    **ANSWER:** Admitted, but pursuant to the Contract, the closing date is September 15, 2020 (Contract, ¶3), and on March 30, 2020, Defendants notified Plaintiff they would not perform under the Contract (Answer, ¶9), so Plaintiff had no obligation to provide a title commitment.

11. At the time of entering into the contract for purchase, the Defendants also entered into a lease and have paid all rent to the plaintiff for the use of the subject property. (See Decl of Dante Odoni.¶ 8)

    **ANSWER:** Admitted, but irrelevant.

12. The earnest money of $135,000 has been paid to date by the Buyers to the listing broker as Escrowee Caldwell Banker Real Estate (See Decl or Dante Odoni ¶ 9)

    **ANSWER:** Admitted.

13. Dante Odoni is a certified public accountant doing business as a CPA in Cook County Illinois. (See Decl or Dante Odoni ¶ 10)

    **ANSWER:** Admitted, but irrelevant.

14. The Covid 19 pandemic was an unforeseeable event which caused the business of Dante Odoni to suffer great losses and made it impossible to obtain a mortgage. (See Decl or Dante Odoni ¶ 11)

    **ANSWER:** Admit that Covid 19 pandemic was an unforeseeable event, but Plaintiff has no knowledge regarding the remaining facts. Plaintiff offered twice to refer Defendants to a mortgage broker, but Defendants declined.

15. On or about March 15, 2020, the Covid 19 pandemic caused the Trump Tower to cease providing many of the property amenities including maintenance services, use of the pool, spa, room service, package hold and delivery, grocery door services, restaurant and room service restricted the visits by guests in the building. (See Decl or Dante Odoni ¶ 12).

    **ANSWER:** Admitted, except Plaintiff (a) denies that Trump Tower failed to provide maintenance services and (b) states that most of the amenities have now been restored.

16. The contract General Provision paragraph O provides in part that "Seller agrees to provide possession of the Property in the same condition as it is on the acceptance date. (See contract attached to complaint as Exhibit A)

    **ANSWER:** Admitted.

17. The acceptance date of the contract was July 9, 2019. (See contract attached to complaint as Exhibit A)

    **ANSWER:** Admitted.

18. From on or about March 15, 2020 through the present, the Trump building and the the subject unit being purchased are not in the same condition as at the tie of entering into the contract on July 9, 2019. (See Decl or Dante Odoni ¶ 13).

    **ANSWER:** Denied.

19. It is unknown when the effects of the Covid 19 pandemic will subside and it is unknown when the building maintenance and other amenities will be able to be used as originally contemplated at the time that the parties entered into the contract. (See Decl or Dante Odoni ¶ 14).

    **ANSWER:** Admitted that it is unknown when the effects of the Covid 19 pandemic will subside and it is unknown when the building amenities will be able to be used as at the time that the parties entered into the contract. Denied that anything regarding use of the amenities was "originally contemplated at the time the parties entered into the contract," and that building maintenance ever stopped.

                                                            IVO GEIJSEN

                                                            /s/ Scott M. Levin
                                                            One of his attorneys

Scott M. Levin - ARDC #6185743
Howard & Howard Attorneys PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, IL 60604-2461
(312) 456-3418
*slevin@howardandhoward.com*

# STONE
# POGRUND
# & KOREY LLC

Attorneys at Law     Established 1957

1 EAST WACKER DRIVE, SUITE 2610
CHICAGO, ILLINOIS 60601
PHONE: 312-782-3636 FAX: 312-893-2092
www.spklaw.com

WRITER'S E-MAIL ADDRESS:
dlurie@spklaw.com

BERTRAM A. STONE (1915 - 1994)
SHERWIN I. POGRUND
MARTIN S. KOREY
JAMES P. ZIEGLER
DAVID B. POGRUND
CHRISTOPHER T. NOWOTARSKI
LAWRENCE J. STARK*
RONALD H. BALSON
DEAN J. LURIE
STUART M. SHELDON, P.C.
PATRICK T. JOY
LAURA A. ELKAYAM

* Also admitted in Florida

July 15, 2019

**VIA EMAIL ONLY JUDY@DEANGELISLAW.NET**
Judy DeAngelis

      Re:    Geijsen ("Seller") Odoni and Barghouty ("Buyer") 401 N. Wabash Ave., Unit 68E, Chicago, IL (the "Property") (collectively the "Contract")

Dear Judy:

Please be advised that I represent Purchaser with regard to the above Contract. Pursuant to the attorney review clause of the Contract, the following constitute my comments:

1. Since this is a true cash deal, the parties to equally split the escrow closing fee.

2. This Contract may be assigned by Buyer prior to the Closing Date.

3. Paragraph 9 - Taxes to be prorated at 110% of the 2018 full year bill.

4. Seller represents and warrants that no special assessment has been proposed or contemplated by the Condominium Association.

5. Seller to pay for any special assessment approved, levied, or confirmed prior to closing by the Condominium Association.

6. In the event of a default by Buyer, Seller's sole remedy shall be retention of the earnest money as liquidated damages.

7. Attorney review shall remain open until the parties reach an agreement on all contractual and inspection issues, or either side terminates.

Judy DeAngelis
July 15, 2019
Page 2

**Inspection Requests**

      8.      The inspection report is attached. Seller to repair all items noted in the report prior to closing utilizing licensed professionals with receipts provided.

If you agree with the above suggested modifications to the Contract, please sign below and fax back to me whereby this Letter will become an amendment to the Contract. If you disagree with any of the above suggested modifications, Buyer reserves the right to declare the Contract null and void. I am looking forward to hearing from you regarding the foregoing.

                Very Respectfully,

                STONE, POGRUND & KOREY

                *Dean J. Lurie*

AGREED:

_____
Judy DeAngelis, Attorney for Seller

cc:    Dante Odoni via email
        Chezi and Susan Rafaeli via email